IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**JAMES C. GARNER**                                                                                                  **PLAINTIFF**

v.                                                Civil No.: 4:10-cv-4027

**TEXARKANA ARKANSAS POLICE** *et al.*                                              **DEFENDANTS**

<u>**REPORT AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE**</u>

Now before the Court is Plaintiff's Complaint. ECF No. 1. Plaintiff's Complaint was filed by utilizing a form entitled "Form to be Use by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. 1983." ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Judge Harry F. Barnes. For the following reasons, it is the recommendation of the undersigned that the Complaint, ECF No. 1, be **DISMISSED** with prejudice for failure to prosecute this action and for failure to obey an Order of the Court.

**I.    BACKGROUND**

Mr. Garner, Plaintiff herein, named as defendants to this matter Texarkana, Arkansas Police and Bi-State Justice Center. ECF No. 1. As these are not entities capable of being served with Plaintiff's complaint, and addendum was sent to Plaintiff on June 3, 2010, asking Plaintiff to supply the names of the individuals he intended to substitute as the Defendants in this action. ECF No. 12. Plaintiff filed two Motions for Extension of Time, ECF Nos. 14, 19, ultimately resulting in Plaintiff's addendum being due to the Court on September 1, 2010. *See* ECF Nos. 15, 20. The Court did not grant Plaintiff's third Motion for Extension of Time, ECF No. 22, on the grounds that the relief requested therein had already been addressed. ECF No. 23. Plaintiff was notified his addendum remained due to the Court on September 1, 2010. *Id.* Plaintiff has failed to return his addendum or

request additional time.

  **2.**  **APPLICABLE LAW**

  Dismissal of a case for failure to prosecute and failure to comply with orders of the Court is specifically contemplated by the Federal Rules of Civil Procedure. FED. R. CIV. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be *with* prejudice if there has been " 'a clear record of delay or contumacious conduct by the plaintiff' ") (emphasis added); *Garrison v. Int'l Paper Co.,* 714 F.2d 757, 759 (8th Cir.1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

  **III.**  **DISCUSSION**

  Plaintiff was given until September 1, 2010 to return his addendum to the Court. ECF No. 23. Plaintiff clearly is capable of seeking an extension of time, as he did in previous motions. ECF Nos. 15, 19. However, Plaintiff has not sought additional time beyond the September 1, 2010 deadline. Plaintiff has also filed four notices of change of address with the Court, ECF No. 16, 17, 18, 22, and appears to understand the necessity of keeping a current address with the Court. No mail has been returned to the Court as undeliverable.

  Plaintiff was specifically cautioned in the Order directing him to complete the addendum that failure to return a completed addendum could result in his Complaint being dismissed for failure to prosecute and for failure to obey an order of the court. ECF No. 12. Accordingly, this case should

be dismissed for failure to prosecute and for failure to follow a court order.

### IV.     CONCLUSION

For the forgoing reasons I recommend the above-styled case be **DISMISSED** for failure to prosecute and failure to follow a court order.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **7th day of September 2010.**

                                                     /s/ Barry A. Bryant  
                                                   HON. BARRY A. BRYANT  
                                                   U.S.  MAGISTRATE JUDGE